J-A26020-25

2026 PA Super 102

TYRONE DIXON : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HERITAGE VALLEY SEWICKLEY :
:
Appellant : No. 307 WDA 2025

Appeal from the Order Entered September 23, 2024
In the Court of Common Pleas of Allegheny County
Civil Division at No:  GD-20-009605

BEFORE:  OLSON, J., STABILE, J., and KING, J.

OPINION BY STABILE, J.:                    **FILED: May 28, 2026**

Heritage Valley Sewickley (Appellant) seeks permission to appeal an order of the Court of Common Pleas of Allegheny County Orphans' Court (trial court) denying its motion for judgment on the pleadings.  Pursuant to Pa.R.A.P. 1311(b) and 42 Pa.C.S.A. § 702(b), we grant permission to appeal and hold that, as a matter of law, Appellant was entitled to judgment because it had asserted a meritorious statute of limitations defense.  The trial court's order must therefore be vacated and judgment entered in favor of Appellant.

On September 9, 2020, Tyrone Dixon (Appellee) commenced his action by filing a complaint against Appellant, asserting a claim of medical malpractice.  Appellee alleged that, on November 26, 2011, Appellant treated wounds to his forearm sustained when he fell into a mirror.  **See** Appellee's Complaint, 9/9/2020, at paras 3-5.  According to Appellee, he did not learn that Appellant had failed to remove "a four-centimeter piece of glass" from his

arm until years later, on April 26, 2019, when it was removed during an emergency medical procedure. *See id*., at paras. 13, 19. Appellee claimed that Appellant was negligent in failing to remove the shard, and in failing to confirm with an x-ray that no foreign objects remained in his body. *See id*., at 19.

A certificate of merit was not filed with the complaint, and on October 21, 2020, Appellant filed a "notice of intention to enter judgement of *non-pros* on professional liability claim." In response, on November 19, 2020, Appellee voluntarily filed a "*praecipe* to discontinue" the action without prejudice.[1] Almost a year later, beyond the limitations period, on October 19, 2021, Appellee filed a "*praecipe* to reinstate complaint in civil action" for a period of 30 days. That same date, Appellee filed a certificate of merit. The "reinstated" complaint was then served on Appellant days later.

On June 28, 2022, Appellant filed an answer and new matter to Appellee's complaint, specifically pleading a statute of limitations defense. *See* Answer and New Matter, 6/28/2022, at paras. 16-19. On July 23, 2022, Appellee filed preliminary objections, seeking to strike Appellant's new matter on timeliness grounds. On October 26, 2022, the trial court (the Honorable Andrew Szefi) overruled Appellee's preliminary objections, thereby accepting Appellant's answer and new matter as timely filed.

---

[1] A discontinuance is the exclusive method of voluntarily terminating an action before a trial has commenced. *See* Pa.R.Civ.P. 229(a).

On November 16, 2022, Appellee filed an answer to Appellant's new matter, and on March 27, 2023, Appellant filed a motion to dismiss, asserting that Appellee's reinstated action had been filed beyond the statute of limitations period. These grounds for dismissal were again asserted by Appellant in a motion to dismiss filed on January 18, 2024. The trial court (the Honorable John T. McVay, Jr.) granted Appellant's motion to dismiss on the scheduled hearing date, January 31, 2024, and Appellee's claims were dismissed with prejudice.

Appellee then moved for reconsideration, stating that the notice of a hearing on the motion had not been received. On February 13, 2024, the trial court granted Appellee's motion for reconsideration, vacated the order of January 31, 2024, and again reinstated the action.

On June 21, 2024, Appellant filed a motion for judgment on the pleadings, once more raising a statute of limitations defense. Appellee filed a response on July 22, 2024. On September 18, 2024, following argument, the trial court (the Honorable Daniel D. Regan) denied the motion for judgment on the pleadings.

The trial court tacitly agreed that the limitations period had run by the time Appellee attempted to reinstate his action. The trial court nevertheless reasoned that Appellant had waived its statute of limitations defense by untimely raising it in the answer and new matter filed on June 28, 2022, which was over nine months after Appellee's complaint was reinstated. **_See_** Trial Court 1925(a) Opinion, 5/29/2025, at 6-7; **_see also_** Appellant's Answer and

- 3 -

New Matter, 6/28/2022, at p. 8. The trial court did not consider, however, that Appellant's answer and new matter already had been accepted as timely filed by a predecessor judge, the Honorable Andrew Szefi, who had overruled Appellee's preliminary objection to the untimely filing of Appellant's answer and new matter. **See** Trial Court 1925(a) Opinion, 5/29/2025, at 6-7; **see also** Trial Court Order, 10/26/2022.[2]

The trial court next ruled that, in the alternative, "equitable considerations" would allow Appellee's complaint to go forward despite its reinstatement beyond the statute of limitations period. **See id**., at 8-12. Citing our opinion in **Hopewell v. Hendrie**, 562 A.2d 899 (Pa. Super. 1989), the trial court determined that it had discretion to excuse a statute of limitations violation if it resulted inadvertently from a discontinuance filed by a party's counsel, and if doing so would not unduly prejudice the opposing party. **See** Trial Court 1925(a) Opinion, 5/29/2025, at 8-10. The trial court also found that there was no evidence from which it could be inferred that Appellee's counsel filed the discontinuance to obtain an unfair "procedural advantage." **Id**., at 12.

On October 17, 2024, Appellant filed an application to amend the order of September 18, 2024, to certify it as satisfying the requirements of Pa.R.A.P.

---

[2] The coordinate jurisdiction rule prohibits a judge from altering the resolution of legal questions previously decided by another judge of coordinate jurisdiction. **See generally Rellick-Smith v. Rellick**, 21 A.2d 506, 513 (Pa. 2021).

1311 and 42 Pa.C.S.A. § 702(b) (interlocutory appeal by permission).[3] The trial court denied Appellant's application to certify the order, and Appellant filed with this Court a petition for permission to appeal on December 13, 2024. *See* Pa.R.A.P. 1311(a)(1) (allowing party to petition appellate court for permission to appeal an interlocutory order for which certification pursuant to section 702(b) has been denied by the trial court). Appellant argued in the application that this Court should exercise its discretion to grant immediate review of the trial court's non-final order, in part, because it "involved a controlling question of law as to which there is a substantial ground for difference of opinion." Appellant's Petition for Permission to Appeal, 12/13/2024, at 6.

More specifically, Appellant framed the issue as "whether that action by [Appellee], as a matter of law, tolls the relevant Statute of Limitations, or if, as established decisions of this [Court] suggest, the reinstated or re-filed Complaint is treated as an original pleading and [Appellee] placed in the same position as if the first complaint were never filed." *Id*.[4]

_____

[3] A non-final, interlocutory, order may be immediately appealable at the discretion of the court if it is of the opinion that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]" 42 Pa.C.S.A. § 702(b); Pa.R.A.P. 1311(b).

[4] The case was assigned to a motions panel of this Court and docketed at appellate number 96 WDA 2024. On March 18, 2025, the motions panel entered an order, *sua sponte*, treating Appellant's petition as a "notice of
*(Footnote Continued Next Page)*

In its brief, Appellant now raises a single issue:

Whether the Trial Court erred as a matter of law in denying Appellant's Motion for Judgment on the Pleadings when Appellee voluntarily discontinued the action and reinstated the Complaint outside of the expiration of the two-year Statute of Limitations[.]

Appellant's Brief, at 2 (suggested answer omitted).

Our initial task, before considering the merits of Appellant's claim, is to determine whether this Court should exercise its discretionary jurisdiction. Under Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702(b), this Court may exercise jurisdiction to review the merits of a non-final, interlocutory order if it is of the opinion that the order "involves a controlling question of law as to which there

_____

appeal." *See* Motions Panel Order, 3/18/2025. The order cited Pa.R.A.P. 1316(a), which allows this Court to treat a request for discretionary review as a notice of appeal; the order also cited Pa.R.A.P. 313(b), which provides that an appeal may immediately be taken from a "collateral order" as of right. Finally, the order directed this Court's Prothonotary to assign this matter an appellate case number (307 WDA 2025), and Appellant's petition for permission to appeal was "**DISMISSED as moot**." *Id*. (Emphasis in original). The order reads in its entirety as follows:

Upon consideration of the December 13, 2024, petition for permission to appeal filed by Heritage Valley Sewickley, and noting no response thereto, the petition shall be treated as a notice of appeal pursuant to Pa.R.A.P. 1316(a) (providing that appellate court shall treat request for discretionary review of immediately appealable order as appeal notice if party filed timely petition); see also Pa.R.A.P. 313(a) (stating appeal may be taken as of right from collateral order).

The Prothonotary of this Court is **DIRECTED** to assign this matter a direct appeal number. The petition for permission to appeal is **DISMISSED as moot**.

Order, 318/2025 (96 WDM 2024).

is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]" 42 Pa.C.S.A. § 702(b); Pa.R.A.P. 1311(b). All of these elements are met.[5]

Appellant's statute of limitations defense no doubt implicates a controlling question of law that would result in the ultimate termination of this matter. The narrow issue posed in the case is the extent to which the trial court could, based on purely equitable concerns, permit Appellee to reinstate a discontinued action beyond the statute of limitations period. There is legal authority which may support a substantial ground for difference of opinion on this point.

A "substantial ground for difference of opinion" can arise when various courts have inconsistently applied the same legal concept. *See e.g., Edwards v. Norfolk S. Ry. Co.*, 337 A.3d 525, 527 (Pa. Super. 2025), *appeal denied*, No. 218 EAL 2025, 2026 WL 276152 (Pa. Feb. 3, 2026) (finding substantial ground for difference of opinion where "various trial courts have applied the relation back doctrine inconsistently[.]"). A substantial ground for difference of opinion also may arise where there is an "absence of

_____

[5] Ordinarily, this Court would first decide whether to grant a petition for permission to appeal (PPA) before a matter would be heard by this Court on appeal. Given the unusual procedural circumstances present here, we first decide whether to grant the PPA before addressing the merits. *See infra*, n.7.

any decisional precedent addressing the issue(s) being raised on appeal[.]" *Miller v. Krug*, 386 A.2d 124, 127 (Pa. Super. 1978).

In the case heavily relied upon by the trial court, *Hopewell*, this Court held that a discontinuance had to be stricken even though the resulting reinstatement of the action fell on a date beyond the applicable limitations period. The plaintiff's action in *Hopewell* was discontinued by counsel without the plaintiff's knowledge, and due to her attorney's "simple error" or oversight. *Hopewell*, 562 A.2d at 900. The plaintiff sought to strike the discontinuance within one month of discovering its filing, and there was no evidence that the plaintiff had discontinued the action "for any procedural advantage." *Id*.

The *Hopewell* Court justified the equitable tolling of the limitations period by stating that a party "should not be denied her day in court simply because her attorney of record committed an error which appellant moved to correct immediately upon discovering it." *Id*., at 901-02. To date, *Hopewell* has not been expressly abrogated by any subsequent decisional law.[6]

---

[6] The trial court also relied upon our Supreme Court's opinion in *Jung v. St. Paul's Parish*, 560 A.2d 1356 (Pa. 1989), where it was held that attorney error was an equitable consideration which compelled the trial court to open a judgement of *non pros* beyond the limitations period. "The only issue" in *Jung* was "whether Appellant had a reasonable excuse for their failure to file a complaint." *Jung*, 560 A.2d at 1359. The *Jung* Court found that such cause had been shown because "[c]learly, it was just as much Appellees' fault that the complaint was not filed as it was Appellants' fault." *Id*., at 1360. These facts are materially distinguishable from the instant case because Appellant
*(Footnote Continued Next Page)*

Yet, **Hopewell** appears not to be entirely consistent with other decisions that limit the scenarios in which the limitations period may be tolled. "As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." **Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc.**, 468 A.2d 468, 471 (Pa. 1983) (same).

"In light of the important purpose served by limitations periods, [our Supreme Court] has held that statutes of limitation are to be strictly construed." **Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.**, 842 A.2d 334, 346 (Pa. 2004). It is well-established that **"[m]istake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute**." **Fine v. Checcio**, 870 A.2d 850, 857–58 (Pa. 2005) (citing **Nesbitt v. Erie Coach Co.**, 204 A.2d 473, 475 (Pa. 1964)) (emphasis added); **see also Pocono**, 468 A.2d at 471 (same). The party asserting a recognized exception to the statute of limitations, such as the "discovery rule" or fraudulent concealment, has the burden of proving that

_____

relied exclusively on the mistake of his own counsel, and not the fault of any other party. Aside from the fact that opening a judgment of *non pros* presents a different procedural posture than reinstating a discontinued action, the compelling equitable consideration in **Jung** which reasonably excused the late filing of a complaint is simply not present here. The case is therefore inapposite.

the exception applies and that the statute of limitations should be tolled. **See Fine**, 870 A.2d at 860-61.

The holding of **Hopewell** (allowing an attorney's mistake to justify the tolling of the statute of limitations for the benefit of the attorney's client) cannot easily be squared with the above mandate of our Supreme Court prohibiting a "mistake, misunderstanding, or lack of knowledge" from being used to justify such tolling. **See Fine**, 870 A.2d at 857–58. Accordingly, we grant Appellant's petition and review the merits of the present claims because all the elements of a petition for permission to appeal, as set forth in Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702, have been satisfied. That is, Appellant's statute of limitations defense is dispositive in this case, and the continuing viability of **Hopewell** is an issue which raises a "substantial ground for difference of opinion." **See Edwards**, 337 A.3d at 527; **Miller**, 386 A.2d at 127.[7]

_____

[7] Appellant's petition for permission to appeal, seeking _discretionary_ review, was initially deemed moot by the motions panel only because it had preliminarily determined, under then existing law, that Appellant could establish grounds for an appeal _as a matter of right_ under the collateral order doctrine (Pa.R.A.P. 313(b)). It was by this Court's _sua sponte_ action that Appellant's petition was, in effect, converted into a notice of appeal from a collateral order.

At the time the petition was dismissed as moot, our prevailing decisional law was indeed favorable to Appellant in this regard. One of the key elements of the collateral order doctrine, as set forth in Pa.R.A.P. 313(b), is that postponing immediate review until final judgment would cause a party's claim to be "irreparably lost." An _en banc_ panel of this Court held in **Chilutti v. Uber Tech., Inc.**, 300 A.3d 430 (Pa. Super. 2023) (_en banc_) (**Chilutti I**), that the "irreparable loss" element of rule 313(b) may be satisfied when a trial court compels arbitration and stays court proceedings, resulting in additional

_(Footnote Continued Next Page)_

Upon reaching the merits of Appellant's claims,[8] we hold that **Hopewell**, as construed by the trial court, is no longer good law. The "mistake,

_____

and significant litigation expenses. The logical implication of this holding was that the irreparable loss element is satisfied in any case where the erroneous denial of a dispositive motion results in additional litigation costs.

Crucially, though, after Appellant's petition for permission to appeal in the present case was deemed moot, and while the present appeal was still pending, our *en banc* decision in **Chilutti I** was overturned by our Supreme Court. In **Chilutti v. Uber Tech., Inc.**, 349 A.3d 826, 833-35 (Pa. 2026) (**Chilutti II**), the Court held that the collateral order doctrine had not been satisfied because the expense of litigating the action in arbitration does not establish irreparable loss. The **Chilutti II** Court explained that, as a general matter, it is irrelevant whether an interlocutory appeal could reduce "the cost of litigation" because, if that fact satisfies Rule 313(b), "then every interlocutory order presumably would satisfy the irreparable loss prong of the collateral order rule." **Chilutti**, 349 A.3d at 834 (quoting **J.C.D. v. A.L.R.**, 303 A.3d 425, 442-43 (Pa. 2023) (Wecht, J., concurring)).

Turning back to the case at hand, Appellant sought an appeal by permission. The elements of an appeal by permission do not include a showing of "irreparable loss," as is required under the collateral order doctrine. **Compare** Pa.R.A.P. 313(b), **with** Pa.R.A.P. 1311(b). Thus, we clarify here that Appellant's petition for permission to appeal no longer is moot in light of **Chilutti II**, and the motion panel's prior order is therefore vacated on that ground.

[8] It is been suggested by the dissent that we must quash this appeal for lack of jurisdiction due to the *sua sponte* dismissal of Appellant's PPA, the *sua sponte* conversion of the PPA into a notice of appeal, and the inapplicability of the collateral order doctrine. However, the above-discussed change in law rendered those actions erroneous, and changes in law apply to matters still pending appeal. **See Christy v. Cranberry Volunteer Ambulance Corps, Inc.**, 856 A.2d 43, 51 (Pa. 2004) ("Our general principle is that we apply decisions involving changes of law in civil cases retroactively to cases pending on appeal."). The holding of **Chilutti II** (overturning **Chilutti I**) controls and must be applied retroactively, resulting in a determination that the order of the motions panel (dismissing the PPA as moot and converting the PPA into a notice of appeal) was erroneous. Under **Chilutti II**, we are bound to vacate the order of the motions panel. Doing so is also the only equitable outcome, as it would be patently unfair for Appellant to suffer our *sua sponte* conversion by depriving him of PPA consideration in the first instance.

misunderstanding, or lack of knowledge" on the part of Appellee and his counsel in allowing the limitations period to run is not alone sufficient to justify the equitable tolling of the statute of limitations. *See Fine*, 870 A.2d at 857–58. Our Supreme Court's contrary holdings are controlling, and *Hopewell* has been impliedly abrogated insofar as the opinion stands for the proposition attributed to it by the trial court in this case.

Having found that there is no basis in the record which would permit the tolling of the limitations period, we find further that Appellant was entitled to judgment on the pleadings, as a matter of law, because Appellee attempted to reinstate his complaint beyond the limitations period.

When reviewing a trial court's decision to grant or deny a motion for judgment on the pleadings, this Court is "limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial." *John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007). Judgment on the pleadings must be entered "where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be necessary." *Id*.

The statute of limitations for a claim of medical malpractice is two years. *See* 42 Pa.C.S.A. § 5524. Once Appellee discontinued its previous action, the action could not be revived beyond the statute of limitations through the filing of a praecipe to reinstate the action. "The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place

the plaintiff in the same position as if the action had never been instituted." ***Motley Crew, LLC v. Bonner Chevrolet Co., Inc.***, 93 A.3d 474, 476 (Pa. Super. 2014). It logically follows, therefore, that once an action is discontinued, it cannot be reinstated beyond the limitations period. The discontinued action is a legal nullity. ***See id***., at 478.

Moreover, the attempt to use a reinstatement *praecipe* to revive a previously discontinued action was improper. Our rules regarding reinstatement only pertain to continuing the time in which service of original process (whether by writ or complaint) may be extended, thereby allowing a properly filed writ or complaint to remain valid. ***See*** Pa.R.Civ.P. 401(b)(1). A reinstatement *praecipe* is no substitute for the filing of a complaint within the applicable statute of limitations.

Here, once Appellee filed a *praecipe* to discontinue, the action could only again proceed with the filing of a new complaint within the two-year limitations period. There is no dispute that Appellee's claims accrued no later than April 26, 2019. The complaint which Appellee attempted to reinstate was filed over two years later, on October 19, 2021. As Appellee was procedurally barred by the statute of limitations from reinstating an action which previously had been discontinued, the purportedly reinstated complaint should have been dismissed. Thus, we vacate the trial court's order denying Appellant's motion for judgment on the pleadings and direct that judgment be entered in favor of Appellant.

Trial court order of September 23, 2024, vacated. Motions panel order of March 18, 2025, vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge King joins the opinion.

Judge Olson files a dissenting opinion.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

5/28/2026